UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ASHLEY JOHNSON**                                **CIVIL ACTION**

**VERSUS**                                        **NO: 23-5539**

**JOHNSON & JOHNSON ET AL.**                      **SECTION "H"**

## ORDER AND REASONS

Before the Court is Defendants' Motion to Dismiss (Doc. 21). For the following reasons, the Motion is **GRANTED IN PART**.

## BACKGROUND

Plaintiff Ashley Johnson alleges that she developed malignant epithelioid mesothelioma as a result of her regular and prolonged exposure to asbestos-containing talc powder products manufactured by Defendants Johnson & Johnson and LTL Management LLC. She brings claims under the Louisiana Product Liability Act ("LPLA"), alleging a construction/composition defect, failure to warn, nonconformity to an express warranty, and a design defect. Defendants now move to dismiss her claims for construction/composition defect and nonconformity to an express warranty,

1

arguing that Plaintiff has failed to plead sufficient facts upon which relief can be granted.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The court need not, however, accept as true legal conclusions couched as factual allegations.[4] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[6] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[7]

---

[1] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[2] *Id.*
[3] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[4] *Iqbal*, 556 U.S. at 678.
[5] *Id.*
[6] *Lormand*, 565 F.3d at 255–57.
[7] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

## LAW AND ANALYSIS

"To maintain a successful products liability action under the LPLA, a plaintiff must establish four elements: (1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product 'unreasonably dangerous'; and (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else."[8] Under the LPLA,

> [a] product is unreasonably dangerous if and only if: (1) The product is unreasonably dangerous in construction or composition as provided in R.S. 9:2800.55; (2) The product is unreasonably dangerous in design as provided in R.S. 9:2800.56; (3) The product is unreasonably dangerous because an adequate warning about the product has not been provided as provided in R.S. 9:2800.57; or (4) The product is unreasonably dangerous because it does not conform to an express warranty of the manufacturer about the product as provided in R.S. 9:2800.58.[9]

Here Plaintiff has alleged that Defendants' talc products were unreasonably dangerous in each of these four ways. Defendants move for dismissal of only her claims for a construction/composition defect and nonconformity to an express warranty.

### A. Construction/Composition Defect

First, Defendants allege that Plaintiff has failed to plead sufficient facts to support a claim under a construction/composition defect theory. Plaintiff concedes as much and does not oppose Defendants' request for dismissal of this

---

[8] Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 260–61 (5th Cir. 2002).
[9] LA. REV. STAT. § 9:2800.54.

3

claim. Accordingly, Plaintiff's claim for construction/composition defect is dismissed.

## B. Nonconformity to Express Warranty

Next, Defendants argue that Plaintiff has failed to allege facts to support a claim for nonconformity to express warranty. To maintain a claim for nonconformity of express warranty, Plaintiff must allege that "(1) the manufacturer made an express warranty regarding the product, (2) the plaintiff was induced to use the product because of that warranty, (3) the product failed to conform to that express warranty, and (4) the plaintiff's damage was proximately caused because the express warranty was untrue."[10] "An 'express warranty' is a representation or statement about a product that affirms the product possesses specified characteristics or qualities. It does not include a general opinion or general praise."[11]

Plaintiff's Amended Complaint alleges that Defendants expressly warranted through marketing and advertisements to consumers that their product was "safe" and "pure," that Plaintiff relied on these representations when she regularly used Defendants' products on herself and her children, that such warranty was false where the products contained asbestos, and that the asbestos contained in the products used by Plaintiff caused her malignant epithelioid mesothelioma.

Defendants contend that Plaintiff has failed to allege an express warranty with specificity and that a claim for express warranty cannot be

---

[10] Caboni v. Gen. Motors Corp., 278 F.3d 448, 452 (5th Cir. 2002).
[11] Guidry v. Janssen Pharms., Inc., 206 F. Supp. 3d 1187, 1199 (E.D. La. 2016) (internal citations omitted).

4

based on generic advertising or general descriptions of product safety. While Defendants are correct that courts have held that general statements that a product is safe are insufficient to be deemed express warranties,[12] the representations made by Defendants here go a step further. Plaintiff attaches examples of Defendants' advertisements to her Amended Complaint in support of her claim for nonconformity to express warranty. One advertisement states that Johnson & Johnson baby powder goes through a "strict 5 level safety process, ensuring every ingredient is safe for use."[13] The advertisement further contends that Defendants' baby powder is "backed by science" and "clinically proven."[14] Another advertisement contends that Johnson & Johnson's baby powder is not "an ordinary talcum" and highlights the "purity of its ingredients."[15] Many of the advertisements emphasize the products' safety for use on babies. This Court finds that these are representations that Defendants' baby powder "possesses specified characteristics or qualities," i.e., safety and purity.[16] These representations go beyond a "general opinion" or "general

---

[12] *See* Pellegrin v. C.R. Bard, No. CV 17-12473, 2018 WL 3046570, at *5 (E.D. La. June 20, 2018) (J., Vance) (stating that "plaintiff's vague and conclusory allegations fail to specify the contents of defendants' representations"); Robertson v. AstraZeneca Pharm., LP, No. 15-438, 2015 WL 5823326, at *5 (E.D. La. Oct. 6, 2015) (J., Barbier) (holding that marketing statements regarding safety were "were mere puffery, praise, or opinion"); Fuller v. Eisai Inc., 513 F. Supp. 3d 710, 723 (E.D. La. 2021) (J., Africk) (holding that conclusory representations regarding the efficacy and safety of a drug did not constitute express warranties); Lewis v. Baxter Int'l Inc., No. CV 16-16391, 2017 WL 661324, at *5 (E.D. La. Feb. 17, 2017) (J., Fallon) (statement that product was "suitable and safe for use" was "insufficient to demonstrate that Defendants made an express warranty beyond generally praising their own product").

[13] Doc. 20-3 at 1.
[14] *Id.*
[15] *Id.* at 5.
[16] *See* Boutte v. Stryker Biotech, LLC, 67 F. Supp. 3d 732, 739 (M.D. La. 2014) (finding an express warranty where the defendant "made misrepresentations in marketing" of

5

praise" that a product is safe and effective. Accordingly, this Court finds that Plaintiff has sufficiently alleged a claim for nonconformity to express warranty.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED IN PART**. Plaintiff's claim for construction/composition defect is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 27th day of June, 2024.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

"Calstrux as the 'preferred and 'perfect carrier for OP–1,' and assuring the medical community that the combination was 'safe and effective,' while knowing that the combined used of the products remained untested, ineffective, and unsafe"); Kennedy v. Pfizer, Inc., No. 12-01858, 2013 WL 4590331, at *5 (W.D. La. Aug. 28, 2013) ("[T]he marketing appears to rise to the level of an express warranty if that marketing makes claims as to the product's safety."); *Guidry*, 206 F. Supp. 3d at 1199 (holding that marketing that warranted that a drug had been adequately tested and was safe and effective for diabetes treatment could be construed as an express warranty).